PER CURIAM.
The petitioner was the defendant below in an action for damages growing out of *201 a personal injury action. The respondent, plaintiff below, filed a motion under Rule 1.28, Florida Rules of Civil Procedure, 30 F.S.A., to require the petitioner to produce a copy of the transcript of proceedings before the Metropolitan Court of Dade County, which proceedings were taken by a court reporter employed by the petitioner. The court on the motion to produce entered an order requiring the petitioner to produce a copy of the transcript for the inspection and copying of same by the respondent. It is this order which the petitioner seeks by certiorari to have reviewed and quashed.
The petitioner contends that the transcript of record made by her employed court reporter in the Metropolitan Court of Dade County constituted work product and that nothing was shown in the respondent’s motion to indicate an exception to the work product rule. Specifically petitioner contends that this cause is governed by the decision of the Supreme Court of Florida in McGee v. Cohen, Fla.1952, 57 So.2d 658. With this contention we agree.
The respondent takes the position that § 11.9 of the Metropolitan Code requires the court reporter to furnish any person a transcript of proceedings upon the payment of costs as fixed by the rules of court. The petitioner urges in her reply brief that the trial court did not consider the application of § 11.9 of the Metropolitan Code since the same was not introduced in evidence before the court at the hearing on the motion to produce.
We are not called upon nor is it necessary for us to decide whether the trial court could take judicial notice of provisions of the Metropolitan Code. It is sufficient here to point out that in any event the result would be the same. If the court could take judicial cognizance of the provisions of § 11.9 of the Metropolitan Code then the respondent could obtain a copy of the proceedings from the reporter by the “payment of costs as fixed by the rules of court.” However, if the court could not take judicial notice of the particular provision of the Metropolitan Code and it was not offered and received in evidence or otherwise proven, then petitioner’s copy of the transcript would constitute work product and be unavailable to respondent. See McGee v. Cohen, supra.
The petition for certiorari is granted and the order requiring production of the transcript of proceedings taken in the Metropolitan Court is quashed.
It is so ordered.